Shapiro v. Schultz.

---

## SHAPIRO v. SCHULTZ.

[No. 4,503. Filed October 9, 1903. Rehearing denied January 13, 1904.]

CONTRACTS.—*Assignment by Building Contractor to Indemnify Surety.— Mechanic's Lien.*—A contractor assigned a building contract and the amount to be earned thereunder to indemnify the assignee as surety on a note calling for a much smaller sum than would be due under the contract, it being agreed at the time that the contractor should perfect his right to a mechanic's lien. In an action by the contractor to enforce the lien, the assignee was made a party defendant, and by his answer acquiesced in the course which had been taken by the contractor, and disclaimed all interest in the contract. *Held*, that by the assignment the contractor did not lose his right to enforce the lien.

From Laporte Superior Court; *H. B. Tuthill*, Judge.

Suit by John C. Schultz against Joseph Shapiro. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. F. Gallaher*, for appellant.
*C. R. Collins* and *J. B. Collins*, for appellee.

BLACK, J.—The appellee brought suit to recover for work and labor performed and for materials furnished in the construction of a building under a contract between him and the appellant, and to enforce a mechanic's lien against the building and the lot on which it was erected, owned by the appellant. Other persons were made defendants, among them one August Kroll. The matter in dispute in the argument on this appeal relates to an assignment made to said Kroll by the appellee before the filing of his notice of intention to hold a mechanic's lien on the premises.

The court rendered a special finding. The facts which illustrate the contention of the parties here may be stated

briefly. The appellant having determined to improve his real estate by constructing a building thereon, and having prepared and approved plans and specifications therefor, the appellee proposed to furnish all material and labor for the construction of the brickwork of the building for $1,000. This proposal was accepted by the appellant on the 21st of March, 1901, and the appellee at once commenced the work and furnished material for his part of the construction, and he completed his undertaking without improper delay on the 15th of July, 1901. Appellee did certain other work and furnished additional materials therefor, pursuant to special contracts made by the parties as the work progressed, the whole amount thereof being $80. April 12, 1901, the appellee executed his promissory note to a certain bank for $400, and the defendant Kroll executed the same as surety, and the appellee then assigned, in writing, his claim against the appellant under said agreement to furnish the material and to do the work on the building as aforesaid; and the appellant was notified by Kroll of the assignment, which was made by the appellee to Kroll to secure the latter from any harm, and as security on the note, the assignment being accepted by Kroll as such security, and not otherwise. And it was agreed between Kroll and the appellee that the latter should perfect his mechanic's lien in connection with the claim so assigned; and on July 25, 1901, the appellee perfected his mechanic's lien, by filing in the office of the county recorder notice (shown by the finding to be in the usual form) to the appellant of the appellee's intention to hold a mechanic's lien on described premises for $1,080. The assignment of April 12, 1901, above mentioned, was set out in the finding, and purported to be made in consideration of $1 and other good and valuable considerations, and by its terms the appellee thereby set over, assigned, and sold to Kroll all the income, profits, and amounts receivable and thereafter payable upon the con-

tract between the appellant and the appellee aforesaid. The same writing contained an order from the appellee to the appellant authorizing and directing him to pay Kroll any and all moneys due the appellee or that might become due to him by reason of said building contract; and the assignment was, on April 13, 1901, delivered to the appellant. At the commencement of this action the note executed by Kroll as surety was due and unpaid, and it was previously agreed between the appellee and Kroll that the funds received of the appellant should in part be paid to the bank in an amount fully to pay and cancel the note. The finding showed payments of certain amounts by the appellant to various persons upon the orders of the appellee, and the payment of a certain sum by the appellant to the appellee, and that there was a balance of $895.21 due under the contract. The finding stated, as was otherwise shown in the record, that Kroll and the defendants other than the appellant had each filed an answer therein disclaiming any interest in the cause of action, or any part thereof; and it was accordingly found that said Kroll and other defendants have no interest in this suit or in the cause of action sued upon herein.

The conclusions of law were in favor of the appellee for the recovery of the balance so found due and for the foreclosure of the mechanic's lien.

The specifications in the assignment of errors relate to rulings on certain paragraphs of reply and to the court's conclusions of law. The appellant, in his brief, indicates as the real matter involved in the appeal the question whether the appellee had a right of action on the contract against the appellant after he had assigned all sums due him thereon to Kroll and had instructed the appellant to make all payments to Kroll.

The assignment in question was a formal transfer and order for the payment of the entire amount to be earned under the contract. The purpose of the assignment was to

indemnify the assignee from loss as surety on the assignor's note to the bank for a much smaller sum, it being agreed between the parties to the assignment that the assignor should perfect his right to enforce a mechanic's lien for the whole amount earned under the contract. The assignee, Kroll, was a party defendant, and by his answer acquiesced in the course which had been taken by the assignor, and disclaimed all interest in the contract. We can not see wherein the appellant has been deprived of any right. He is protected by the judgment herein from any demand upon the contract in behalf of any assignee; and the nature of the transaction as between the assignor and the assignee, as shown by parol evidence, left in the former, we think, the right to protect his entire interest by the perfecting of a mechanic's lien for all the work done and materials furnished under the building contract. He was bound as principal for the payment of the note on which Kroll was surety, and the assignment to Kroll was by way of indemnity, the occasion for which appeared no longer to exist. The court having all the parties in interest before it was able to do justice to all.

Judgment affirmed.